IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**BALLESTER HERMANOS, INC.,**

  Plaintiff,

  v.

**BRUGAL & CIA. C. POR A.,** *et al.***,**

  Defendants.

Civil No. 19-2100 (BJM)

**OPINION AND ORDER**

Plaintiff Ballester Hermanos, Inc. ("Ballester") filed suit against Brugal & Cia. C. por A. ("Brugal") and Edrington Group USA, LLC ("Edrington"), over the termination of a distribution contract between Ballester and Brugal. Docket No. ("Dkt.") 142. Ballester claims that Brugal violated the Puerto Rico Dealer's Act, 10 L.P.R.A. § 278, *et seq.* ("Law 75"), in terminating their distribution contract without just cause. *Id*. at 6-8. They also claim that Edrington tortuously interfered with the distribution contract in violation of Article 1802 of the Puerto Rico Civil Code, 31 L.P.R.A. § 5141. *Id*. at 11-12. Edrington counterclaimed, accusing Ballester of breach of contract. Dkt. 196. Before the court is Ballester's motion to dismiss Edrington's counterclaim. Dkt. 210. Edrington opposed Ballester's motion to dismiss, Dkt. 232, and Ballester replied, Dkt. 248. This case is before me with the consent of the parties. Dkt. 193; 194. For the following reasons, Ballester's motion to dismiss Edrington's counterclaim is **GRANTED**.

**STANDARD OF REVIEW**

To survive a motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6), a claim must allege "a plausible entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 559 (2007). A court will "accept well-pled factual allegations in the complaint as true and make

all reasonable inferences in the [non-movant]'s favor." *Miss. Pub. Emps.' Ret. Sys. v. Boston Scientific Corp.*, 523 F.3d 75, 85 (1st Cir. 2008). While a claim need not contain detailed factual allegations to withstand dismissal, a claimant's "obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citation omitted). The court need not accept as true legal conclusions or "'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557) (internal alteration omitted); *Maldonado v. Fontanes*, 568 F.3d 263, 267 (1st Cir. 2009). The claimant must allege enough factual content to nudge a claim across the line from conceivable to plausible. *Iqbal*, 556 U.S. at 680. The claimant must show more than the "sheer possibility that a [opposing party] has acted unlawfully." *Id.* at 678. The court's assessment of the pleadings is context-specific, requiring the court "to draw on its judicial experience and common sense." *Id.* at 679. The court may not dismiss a claim based on disbelief of its factual allegations or on a forecasted likelihood of success on the merits. *Rivera-Torres v. Castillo*, 109 F. Supp. 3d 477, 480 (D.P.R. 2015). "A well pleaded complaint may proceed even if . . . recovery is very remote or unlikely." *Twombly*, 550 U.S. at 556.

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Rule 12(c). Judgment on the pleadings under Rule 12(c) may not be entered unless it appears beyond a doubt that the nonmoving party can prove no set of facts in support of her claim that would entitle her to relief. *Feliciano v. State of R.I.*, 160 F.3d 780, 788 (1st Cir. 1998). The court decides a Rule12(c) motion under the same standard it applies to Rule 12(b)(6) motions to dismiss. *Marrero-Gutierrez v. Molina*, 491 F.3d 1, 5 (1st Cir. 2007).

Accordingly, to survive a Rule 12(c) motion, the plaintiff must plead enough facts to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Where an affirmative defense is raised on the grounds that a claim is time-barred, "the facts establishing the defense [must be] clear 'on the face of the [non-movant]'s pleadings." *Bianchi-Montana v. Crucci-Silva,* 720 F. Supp. 2d 159, 164 (D.P.R. 2010) (internal quotations omitted). "Where the dates included in the complaint show that the limitations period has been exceeded and the complaint fails to 'sketch a factual predicate' that would warrant the application of either a different statute of limitations period or equitable estoppel, dismissal is appropriate." *Id.*

## BACKGROUND

The following narrative is drawn from facts that Edrington either accepted in their answer or alleged in their counterclaim. As with any motion to dismiss, I treat Edrington's factual allegations as true and make all reasonable inferences in their favor.

Brugal is a rum-manufacturing corporation organized under the laws of the Dominican Republic. Dkt. 142 at 2-3. Beginning around 1990, they began working with Ballester, a Puerto Rico corporation. Dkt. 196 at 15 ¶¶ 3, 4. Ballester served as a distributor for Brugal in Puerto Rico, advertising and promoting the Brugal brand and distributing cases of rum to retailers. *Id*. at 15-16 ¶¶ 4, 6. In 2008, Edrington purchased an "important equity participation" in Brugal. *Id*. at 15-16 ¶¶ 2, 8. After the purchase, Edrington began supervising the distribution and sale of Brugal products outside of the Dominican Republic. *Id*. at 16 ¶¶ 8, 11. Over time, Edrington grew dissatisfied with Ballester's performance as its Puerto Rico distributor. *Id*. at 17-22. On April 15, 2019, Edrington notified Ballester that they were terminating their relationship and transferring to another distributor. *Id*. at 22 ¶ 35.

Edrington's counterclaim seeks damages for breach of contract from Ballester. They claim Ballester's performance prior to April 2019 breached the distribution agreement and caused Edrington to incur financial losses. The counterclaim, attached to their answer to Ballester's complaint, was filed on June 13, 2024, just over five years after termination of the parties' business relationship. Dkt. 196.

## DISCUSSION

Ballester seeks dismissal of Edrington's counterclaim on two theories. First, they assert that the counterclaim is time-barred. Second, they assert that the counterclaim is barred by collateral estoppel. Edrington counters that Ballester's motion to dismiss is untimely, in addition to contesting their statute of limitations and collateral estoppel arguments.

### A. Timeliness of Ballester's Motion to Dismiss

Edrington argues that Ballester's motion to dismiss is untimely since it was filed after they answered the counterclaim. Edrington filed their counterclaim on June 13, 2024, and Ballester answered on July 19, 2024. Dkt. 196, 202. Ballester did not move to dismiss the counterclaim when filing the answer, and only filed the current motion to dismiss on December 2, 2024. Edrington argues that motions to dismiss under Rule 12(b)(6) must be raised before filing the answer, rendering Ballester's motion untimely.

I find that Ballester's motion to dismiss is timely and reject Edrington's contention to the contrary. Ballester's motion was filed on December 2, 2024, which was the dispositive motion deadline at the time.[1] *See* Dkt. 204, 210. Their motion does not mention Rule 12(b)(6) – it merely purports to be a "motion to dismiss" without citing an applicable federal rule of civil procedure. Thus, it could be construed as a motion for judgment on the pleadings pursuant to Rule 12(c). A

---

[1] This was over one month before Brugal and Edrington filed their motion for summary judgment, after they requested and received an extension on the dispositive motion deadline. *See* Dkt. 206, 212, 235.

Rule 12(c) motion may be filed any time "[a]fter the pleadings are closed – but early enough not to delay trial." While greater clarity from Ballester would have been welcome, characterization as a Rule 12(b)(6) motion or a Rule 12(c) motion is substantively unimportant – "[t]he standard of review of a motion for judgment on the pleadings under [Rule] 12(c) is the same as that for a motion to dismiss under Rule 12(b)(6)." *Marrero-Gutierrez*, 491 F.3d at 5. The federal rules explicitly allow a motion to dismiss for failure to state a claim to be raised in a Rule 12(c) motion. *See* Rule 12(h)(2)(B). It would be unfair to deny Ballester's motion purely because, if construed as a Rule 12(b)(6) motion, it would be untimely. Therefore, I will proceed to analyze the merits of the motion with the understanding that it seeks judgment on the pleadings pursuant to Rule 12(c).

### B. Timeliness of the Counterclaim

Ballester asserts that Edrington's counterclaim must be dismissed for being brought after the statute of limitations had run. According to Ballester, the counterclaim is subject to a five-year statute of limitation under the Puerto Rico Commerce Code. Since Edrington repudiated the contract in April 2019 but did not file the counterclaim until June 2024, Ballester argues that the counterclaim is untimely.

Generally, breach of contract causes of action are subject to a four-year statute of limitations under the Puerto Rico Civil Code. 31 L.P.R.A. § 9495. However, if a breach of contract action falls under the Puerto Rico Commerce Code, a five-year statute of limitations applies. 10 L.P.R.A. § 1902. The Commerce Code applies if the transaction in question is considered "commercial" under 10 L.P.R.A. § 1701. Section 1701 defines a commercial transaction as "[a] purchase and sale of property for the purpose of resale, either in the form purchased or in a different form, for the purpose of deriving profit in the resale." Puerto Rico courts have held that "operation

of a business through a dealer's contract" is a "typically mercantile transaction" subject to the Commerce Code. *Pacheco v. Nat'l W. Life Ins. Co.*, 122 D.P.R. 55, 63 (1988).

While both sides agree that Edrington was not a party to the original agreement between Ballester and Brugal, *see* Dkt. 186 at 2, Edrington's theory behind their counterclaim is that a novation occurred in which they assumed the rights and responsibilities of Brugal.[2] Assuming for present purposes that a novation did in fact occur, I find that Edrington's dealer-distributor relationship with Ballester qualifies as a commercial transaction. Therefore, the Commerce Code's five-year statute of limitations applies to Edrington's counterclaim.

Given that the five-year statute of limitations applies, the next step is to determine when the five-year clock began to run. The Commerce Code does not specify when the statute of limitations begins to run, and reference must be made to the Puerto Rico Civil Code instead. *See Gen. Office Prods. Corp. v. Gussco Mfg., Inc.*, 666 F. Supp. 328, 332 (D.P.R. 1987) ("When the contract dispute cannot be resolved under the dispositions of the Commerce Code, the Civil Code fills in the gap as common-law or suppletory legislation"). Per Section 5299 of the Civil Code, "[t]he time for the prescription of all kinds of actions, when there is no special provision to the contrary, shall be counted from the day on which they could have been instituted." 31 L.P.R.A. § 5299. In other words, "the relevant question is: when did the legal possibility arise for [Edrington] to bring action for the damages claimed under the specific facts of this case?" *Puma Energy Caribe, LLC v. Cortés*, Civil No. 20-1225 (PAD/BJM), 2021 U.S. Dist. LEXIS 269237, at *16 (D.P.R. July 1, 2021) (citation and alterations omitted).

---

[2] As explained in an earlier opinion in this case, whether a novation occurred "would require this Court to find that Ballester, Brugal, and Edrington expressly declared their will to substitute Brugal as principal in favor of Edrington, [and] because novation of a contract is never presumed, it must be established without a trace of doubt." Dkt. 186 at 2. Since this "requires weighing of the evidence and credibility determinations," the court refused to decide whether a novation occurred. *Id.* at 3. I need not reach the novation question in evaluating the current motion to dismiss because Edrington's counterclaim is untimely, as will be shown below.

A breach of contract action may be instituted the moment a party becomes aware of another party's breach. *See id*. at 17 ("[T]he action for breach of contract began to accrue from the moment [plaintiff] learned about the overcharges, when [plaintiff] could bring a claim against [defendant]."). Here, Edrington bases their breach of contract claim on Ballester's allegedly unsatisfactory performance as distributor for Brugal brand rums. But Edrington repudiated the agreement, and Ballester stopped serving as distributor, in April 2019. Afterwards, there was no contract in force for Ballester to have breached. Therefore, Edrington's claim prescribed no later than April 2019. Since Edrington's counterclaim was filed over five years later, in June 2024, it is untimely.

Edrington attempts to avoid this conclusion by invoking the "discovery rule" under 31 L.P.R.A. § 5298 and positing that the statute of limitations did not begin to run until discovery in the Puerto Rico court case commenced in November 2020. *See* Dkt. 232 at 8-10. However, Edrington's invocation of the discovery rule is misplaced. For one, Section 5298 governs tort actions, not breach of contract actions. *See* 31 L.P.R.A. 5298 ("Actions to demand civil liability for grave insults or calumny, and for obligations arising from the fault or negligence mentioned in § 5141 of this title [prescribe in one year] from the time the aggrieved person had knowledge thereof."). The correct prescription provision in this case is Section 5299, not Section 5298. And while application of Section 5299 to the facts of this case "logically create[s] a situation where knowledge of the breach commences the accrual of the action," Edrington cannot toll the statute of limitations without "plead[ing] some facts that would indicate that it was unaware of or unable to discover [Ballester's] breach." *Puma*, 2021 U.S. Dist. LEXIS 269237 at *17 (citing *Quality Cleaning Prods. R.C. v. SCA Tissue N. Am., LLC*, 794 F.3d 200, 207 n.4 (1st Cir. 2015)). Not only do they fail to plead such facts, they specifically allege that they were complaining about

Ballester's unsatisfactory performance prior to repudiating the contract. *See* Dkt. 196 at 18 ¶ 19. Therefore, Edrington cannot toll the statute of limitations by claiming they were unaware of Ballester's breach.[3]

## CONCLUSION

For the above-mentioned reasons, Ballester's motion to dismiss Edrington's counterclaim is **GRANTED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 14th day of February, 2025.

*S/ Bruce J. McGiverin*
BRUCE J. MCGIVERIN
United States Magistrate Judge

---

[3] In an earlier opinion in this case, the court rejected Defendants' argument that Ballester's Law 75 claim against Edrington was time-barred. *See* Dkt. 186 at 5 n.2. The court found that Defendants waived their statute of limitations argument by raising it for the first time in their reply. *Id*. The court also determined that Ballester successfully tolled the statute of limitations by filing a state court claim against Edrington. *Id*. Last, the court refused to entertain Defendants' insistence that Edrington needed to be sued separately – Ballester had timely filed a Law 75 claim against Brugal, and Defendants were arguing that Edrington was an "alter ego" in "the same corporate family." *Id*. None of these reasons are applicable to Edrington's counterclaim.